[No. 1103.]

## JOHN CHIATOVICH, APPELLANT, v. DAVID DAVIS, RESPONDENT.

WATER RIGHTS—APPROPRIATION—TITLE.—Where a party fails to connect himself in interest with those who first cultivated the land and appropriated the waters of a stream : *Held,* that his own appropriation of the water must be treated as the inception of his right.

IDEM.—*Held,* upon a review of the evidence, that respondent was an earlier appropriator of the water (in controversy) than appellant, and that the verdict and judgment is warranted by the testimony.

ERROR WITHOUT INJURY.—An error, in the admission of testimony, which does not injure the complaining party, will not justify a reversal of the case.

APPEAL from the District Court of the Third Judicial District, Esmeralda County.

The facts sufficiently appear in the opinion.

*Murphy & Wells,* for Appellant :

I. Neither the verdict of the jury nor the judgment of the court are supported by the evidence or law in the case. (Testimony reviewed.)

II. The first appropriator of the waters of a stream running through public lands has a right to the water flowing therein during the irrigating season, and it is subject to his use and enjoyment to the full extent of his original appropriation and beneficial use. (*Lobdell* v. *Hall,* 3 Nev. 507; *Ophir S. M. Co.* v. *Carpenter,* 4 Nev. 534; *Barnes* v. *Sabron,* 10 Nev. 217; *Hobart* v. *Wicks,* 15 Nev. 418; *S. C. Co.* v. *K. I. I. C. Co.,* 53 Cal. 563; *Broder* v. *Water Co.,* 11 Otto, 274; *Osgood* v. *Water & M. Co.,* 56 Cal. 571; *Basey* v. *Gallagher,* 20

Wall. 670; *Strait* v. *Brown*, 16 Nev. 317; *Embrey* v. *Owen*, 6 Exc. 352; *Jennison* v. *Kirk*, 8 Otto, 453; *Heydenfeldt* v. *Daney G. & S. M. Co.*, 3 Otto, 634; *McDonald* v. *Bear River & A. W. & M. Co.*, 13 Cal. 233; *Ortman* v. *Dixon*, 13 Cal. 36.) And on this ground, as well as prior appropriation, we claim right of recovery and use.

III. The act of congress of July 26, 1866, conferred rights to waters appropriated for agricultural purposes, and operates to confirm such rights initiated and maintained prior to the passage of the act. (U. S. Stat., 2339, 2340; *Broder* v. *Water Co.*, 11 Otto, 274; *Barnes* v. *Sabron*, 10 Nev. 227; *Osgood* v. *Water & M. Co.*, 56 Cal. 574; *Cave* v. *Craft*, 53 Cal. 135; *Basey* v. *Gallagher*, 20 Wall. 670; Copp's Min. Dec. 296.)

IV. Parties who have abandoned their right to the use of water cannot, by afterwards making a sale of the same, revive their prior rights in favor of their grantees, even if the sale should be made in good faith. (*Davis* v. *Gale*, 32 Cal. 26; *Dodge* v. *Marden*, 7 Or. 456.) The abandonment of property destroys the title and also its relations. (*Gluckauf* v. *Reed*, 22 Cal. 468; *Dyson* v. *Bradshaw*, 23 Cal. 536; *Davis* v. *Butler*, 6 Cal. 510; *French* v. *Baintree M. Co.*, 23 Pick. 216; *McGoon* v. *Ankeny*, 11 Ill. 558; *Embrey* v. *Owen*, 6 Exc. 369.)

*Bennett & Reddy*, for Respondent :

I. Insufficiency of the evidence to justify the *special findings* of the jury, or the *judgment* of the court, is not a ground for new trial. (1 Comp. L. 1256; *Martin* v. *Matfield*, 49 Cal. 42; *Kelly* v. *Mack*, 49 Cal. 523.)

II. The decision and judgment of the court is fully sustained by the evidence upon several distinct grounds. (Evidence and pleadings reviewed.)

III. The evidence does not show that plaintiff had any grantors or predecessors in interest.

IV. The plaintiff's objection to the admission in evidence of the exhibit from the land office was a general one; that it was irrelevant and incompetent to prove any of the issues made by the pleadings in the cause. If the exhibit referred to was

admissible for any purpose, the objection was properly over-
ruled. (*Keane* v. *Cannovan*, 21 Cal. 299; *Dreux* v. *Domec*,
18 Cal. 83; *Sneed* v. *Osborn*, 25 Cal. 620; *Fulton* v. *Day*,
8 Nev. 80.)

*R. M. Clarke*, for Appellant, on rehearing :

Appellant relies for error upon the grounds : First—That
the evidence does not support the verdict, particularly in this :
(1) The evidence shows that appellant and his grantors appro-
priated all the waters of Indian creek, whereas, the verdict
finds that they did not appropriate it all. (2) The evidence
shows that respondent first used the water in 1876, and that
such use was not an appropriation, but a trespass; whereas,
the verdict finds that respondent appropriated six inches of
the water in the fall of 1875. Second—The evidence shows,
without any contradiction, that appellant's grantors appro-
priated all the water of Indian creek, and required and used
it all before respondent made any appropriation or use of
water. The special verdict shows that appellant's grantors
acquired appellant's land in June, A. D. 1865. The proofs
show the cultivation of this land every year since and includ-
ing 1868, and the use of the water of Indian creek to irrigate
it. (Evidence and special findings of the jury reviewed.)

By the Court, BELKNAP, J.:

This action is brought for the purpose of restraining defend-
ant from using the waters of Indian creek, and recovering
damages for an alleged unlawful diversion thereof. The par-
ties to the suit are engaged in the cultivation of land in the
valley through which the creek runs. Their rights to the use
of the waters are based upon appropriation. Appellant,
whose farming land is ten miles below that of respondent,
claims the right to use the water by virtue of an earlier appro-
priation than that of respondent.

Judgment was rendered in favor of defendant, awarding
him a limited quantity of the water.

One of the points presented by this appeal is whether this
conclusion is warranted by the evidence, and this embraces
the priority of appropriation.

The plaintiff testified that early in the year 1876 he appropriated all of the waters of the creek.   Before that time these waters had been used to irrigate plaintiff's land, but as he has not in any wise connected himself in interest with those who first cultivated the land and appropriated the water, his own appropriation in 1876 must be treated as the inception of his right.

In the years 1874 and 1875 one John Jones cultivated the land of the defendant, and irrigated the crop growing thereon with the waters of the creek.   In the fall of the year 1875 Jones sold his interest in the premises to the defendant, who entered into the possession during the month of November, of that year, and in the following spring, and continuously since, used the portion of the water allotted him by the court for the purpose of irrigating and for domestic wants.

This testimony shows that defendant's right is based upon an earlier appropriation of the waters than that of the plaintiff.

There was a slight conflict in the testimony, but it is the province of the jury to determine the weight to be attached to conflicting testimony.   The verdict is fully warranted by the testimony.

The remaining exception arises upon the admission in evidence, against plaintiff's objection, of a duplicate receipt of the receiver of the land office of the United States for his fees and compensation for the entry of defendant's lands as homestead under the acts of congress, approved May 20, 1862, and March 21, 1864.

No question of the title to the lands occupied by the parties, plaintiff or defendant, was involved.

The case turned upon the question of priority of appropriation of the waters.   The judgment was rendered upon the theory that defendant had a right to use the amount of water apportioned to him by virtue of an appropriation earlier than that of plaintiff.   This being the case, no injury could have resulted to plaintiff by the introduction of the register's receipt, although its introduction in evidence was error.

Judgment and order overruling motion for new trial affirmed.

By the Court, BELKNAP, J., on rehearing :

In affirming the judgment of the district court in this case we held that the failure of the appellant to connect himself in interest with those who first appropriated the water of the creek; remitted him to the appropriation made by himself in 1876 as the inception of his right.

To escape this position, and for the purpose of showing that he had acquired by mesne conveyances the rights of the early appropriators, a diminution of the record was suggested for the purpose of bringing up the documentary evidence and the special verdict.

No documentary evidence has been presented, but the special verdict has been certified to us.

The respondent moves that it be stricken from the files for several reasons; among others, that it shows the judgment ought not to be disturbed, irrespective of the question of priority of appropriation.

The defense to this action was based upon a right in the defendant to a portion of the waters in the creek.

The first special issue presented to the jury was: "Did the plaintiff's grantors ever appropriate all of the waters of Indian creek, in Esmeralda county, Nevada?" To which the jury replied: "No."

The judgment of the district court awarded six inches of the waters to the respondent.

The statement does not contain any testimony touching the portions of the stream to which the parties were respectively entitled. We cannot, therefore, say that respondent is not entitled to the amount of water awarded him by the judgment.

But it is claimed in behalf of appellant that the special issue is unsupported by the evidence, and that the uncontradicted evidence shows that appellant and his grantors appropriated all of the waters of the creek.

One of the witnesses testified that in the year 1869 all of the waters of the creek were used in irrigating appellant's lands. The others testified to the use of "all the waters of the creek that flowed down to the point where the water was diverted to plaintiff's land from Indian creek."

The point at which respondent diverted the water is ten miles further up the stream than the point at which appellant diverted it; so that appellant's use of all the waters that reached his irrigation ditch is not inconsistent with respondent's use of some of the waters of the creek, nor with the finding of the jury that neither respondent nor his grantors appropriated all of the waters of the creek.

The exceptional use of all the waters in the year 1869 is insufficient to establish a right thereto against respondent.

Further, during the years 1864, 1865, 1866, 1870, 1873, 1874 and 1875, some of the waters of the creek were used upon the land of respondent. He has not connected himself in interest with this use. But the fact that the waters were used, although by others, sustains the finding that neither appellant nor his predecessors in interest used all of the waters.

The motion must be granted and the judgment affirmed.

It is so ordered.