SALINA CREEK IRRIGATION COMPANY, RESPONDENT, *v.* SALINA STOCK COMPANY, AND ANOTHER, APPELLANTS.

WATER-RIGHTS.—PARTIAL APPROPRIATION.—SECONDARY RIGHT.— In an action brought claiming the right to all the waters of a certain stream, where it appeared that the respondent and its grantors had appropriated some of the waters, but afterwards appellants appropriated and used a certain portion of the waters of the stream, and afterwards respondent claimed the whole of the stream; *held,* that respondent would be confined to the actual appropriation of itself and grantors, with whom it connected itself by the deeds of such grantors, being actual appropriators.

EQUITY.—PRACTICE.—MODIFYING DECREE.—Where the lower court has rendered a decree upon findings which it has made, the appellate court, having all the evidence before, may modify the decree as such court may deem just, whether any basis for such modification be found in the findings or not; *provided,* such appears to the appellate court to be the right decree upon the evidence.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Bennett, Marshall and Bradley,* for the appellants.

*Messrs. Rawlins and Critchlow,* for the respondent.

MINER, J.:

This contention grows out of a claim on the part of the respondent corporation to all the waters of Salina creek, which is fed by the waters of the Yogo and Neoche creeks, its tributaries, and which furnish about one-third of its waters; the respondent claiming that for twenty years it and its appropriators and grantors have used and are entitled to use its waters for farming, irrigation, and culinary purposes, and that the appellants, by means of dams and ditches, have during the last six years diverted and used the waters of Yogo and Neoche creeks, so that they have been wholly lost to the respondent, etc. The answer puts in issue the contention of the plaintiff, and claims that for more than ten years prior to the commencement of this action its grantors and lessors and appropriators had owned and been in possession of, and are entitled to the possession and use of, all the waters of said Yogo and Neoche creeks for farming, stock-raising, agricultural, and domestic purposes, and asks a decree quieting title, etc. On the trial the court granted a decree to the respondent, reserving undefined rights in the waters of Yogo and Neoche creeks to the appellants. From this decree the appellants appeal, alleging, among other grounds of error: *First,* that they were surprised at the testimony of one S. H. Gilson; *second,* that the admission in evidence of certain deeds executed in 1889 and 1890, purporting to convey to respondent certain waters in Salina creek, was error, as its grantors were not shown to be owners or prior appropriators of water; *third,* that there was no evidence whatever to justify the

findings and decree of the court; *fourth,* that the decree is so uncertain that the rights of neither party can be ascertained under it. As we look at the case, it will be unnecessary to review all of the several assignments of error presented.

It appears from the testimony that the respondent corporation was organized in 1889. That in 1863 several families settled in Salina, and used some of the water of Salina creek. That in 1866 this settlement was broken up by the Indians, and such waters were not used until 1871. That some of the old settlers and some new ones returned to Salina in 1871, and again commenced the use of the waters of Salina creek. This settlement gradually increased until 1874, when there were from thirty to forty families, and in 1882 about seventy-five families were residing there. The amount of land irrigated in 1889 was about the same as was irrigated in 1874, except during the periods of high water. The particular land irrigated in 1874 was not all irrigated in 1889, but other lands had been previously substituted therefor. That nearly all the water of Salina creek was used during the irrigation season from 1871 to 1878 by different persons, not all of whom were shown to be grantors of the respondent. That in 1876 the appellants or their grantors diverted a portion of the waters of Yogo and Neoche creeks several miles above Salina, and continued such diversion during the spring, summer, and fall of each year up to the time this action was commenced, in February, 1890, for the purpose of irrigating land on these tributaries to Salina creek and for farming, stock-raising, and culinary purposes. That these two streams furnished about one-third of the waters of Salina creek, and empty into it above the land irrigated by the respondent.

Various deeds executed in 1889 and 1890, purporting

to convey water-rights of the grantors in Salina creek to the respondent, were received in evidence under objection. Several of these grantors were shown to be residents of Salina, and appropriators of water from Salina creek, prior to the date of the appropriation by appellants' grantors of the waters of Yogo and Neoche creeks, and no specific right, appropriation, or title to water from this creek is shown by the evidence to have been in all of the other grantors of the respondent,—that is, no sufficient connection is shown to exist between such persons who conveyed to the respondent and the persons who appropriated and used the water of Salina creek prior to the time when appellants appropriated the waters from Yogo and Neoche creeks. The several persons shown to have owned water in Salina creek, and to have conveyed their right to the respondent by deed, only claimed to have appropriated water sufficient to irrigate from two to four hundred acres in a dry season, while the capacity of the stream is shown to be sufficient to irrigate from four to five hundred acres in a dry season, and more than double that number of acres in a wet season. It also appears that the appellants used the waters of these creeks up to June 15, of each year, so freely as to completely saturate the ground, and form therefrom a running stream into the Salina creek during the summer season, and that in consequence of this the actual flow of the Salina creek was not materially lessened during part of the irrigation season; it being claimed that nearly as much water ran off from appellants' land into Salina creek later in the season as was turned onto it early in the season.

These facts, taken in connection with other evidence in the case, go to show that respondent's appropriators and grantors did not make prior appropriation of all the waters of Salina creek prior to the time that appellant's

appropriators and grantors appropriated nearly all of the waters of Yogo and Neoche creeks, in 1878. It is not enough for the respondent to show that appellants diverted some of the waters from the stream if what was left to the respondent's use was more than its appropriation, or more than it is shown to have obtained by the deeds of the actual appropriators, with whom respondent has proved a continuous, connecting, and subsisting title; for if it be true that the respondent has failed to connect itself with the title of all the appropriators, except by verbal sale, its appropriation does not antedate its own possession, which possession was in part shown to be subsequent to 1878. Pom. Rip. Rights, § 58; *Smith* v. *O'Hara,* 43 Cal. 371; *Lobdell* v. *Hall,* 3 Nev. 507; *Chiatovich* v. *Davis,* 17 Nev. 133.

Without entering into a discussion of the other questions presented by the record, we are satisfied from the facts shown that the appellants are entitled to the use of more water than is awarded them in the decree of the court below, and that the decree of the court below, as well as the findings of facts, should be modified and made more certain, so as to settle the whole controversy between the parties,—settle it so that it may be ascertained with reasonable certainty how much the court has decreed in favor of either party without a resort to further proceedings.

This should be done upon the proofs taken in the case without the necessity of awarding a new trial. The respondent should be entitled to the use and appropriation of all of the waters flowing or to flow through or in Yogo and Neoche creeks during the period from and including the 15th day of June to the 1st day of November in each year, except that during twenty-four hours of Monday of each week during that period the appellants shall have the exclusive use of one-half the waters

flowing through Yogo creek, and during twenty-four hours of Friday of each week during that period the appellants should have the exclusive use of one-half of the water flowing through Neoche creek for farming, grazing, stock-raising, and culinary purposes; and that during all such period the appellants should also have the right to the use of the waters of both such creeks as may be necessary for watering stock and for culinary purposes only; and that from and including the 1st day of November to the 15th day of June in each and every year the said respondent should be entitled to the use and appropriation of such waters of Yogo and Neoche creeks as it may need for culinary and domestic purposes, and for watering stock and agricultural purposes, not exceeding one-half the waters flowing through such creeks; and that during the same period last stated the appellants shall be entitled to use and appropriate such waters of Yogo and Neoche creeks as they may need for the same purpose, not exceeding one-half of the waters flowing through such creeks; and each party should be enjoined from interfering with the rights of the other under such decree. This case is remanded, with directions to the court below to modify the decree and findings so as to conform to this opinion.

ZANE, C. J., and ANDERSON, J., concurred.